■ In the Matter of the Arbitration between CARL J. YENGO, Appellant, and JOSEPH C. WATT et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Bryant, J.), entered February 18, 1983 in Tompkins County, which dismissed petitioner's application pursuant to CPLR article 75 seeking a permanent injunction against further arbitration proceedings, an order confirming a prior arbitration award and money damages. The parties each designated an arbitrator to resolve their dispute as to whether a warehouse building owned by petitioner and leased to respondents required painting and masonry repair. Each arbitrator, following an inspection but with no proof or hearing, stated in separate letters to the parties' attorneys that the building did require painting and masonry repair. Respondents' arbitrator added that the cost should be shared by the parties. Respondents proceeded to have the building painted and then served notice of intention to arbitrate the issue of whether petitioner is liable for all or any portion of the cost. Petitioner thereupon made the instant application seeking modification of the award to delete the portion relating to payment and, as modified, to confirm. Additional relief sought included a permanent injunction against further arbitration and an assessment of money damages for raising a spurious claim. Special Term held that the issue as to the impropriety of the award was moot and that respondents' present notice of demand for arbitration on the issue of liability for the cost of the work is a proper subject of arbitration. Petitioner has appealed. There should be an affirmance. Inasmuch as the only issue initially submitted for arbitration was whether the leased premises were in need of repair and those repairs have been completed, it is clear, as both parties admit, that the arbitrator's determination is now moot. Accordingly, Special Term properly declined to order a rehearing to correct any procedural defects pursuant to CPLR 7511 (subd [d]). Furthermore, in view of the limited scope of the arbitrator's award, respondents' notice of intention to arbitrate the issue of reimbursement is neither barred by time nor principles of *res judicata*. Nor can we agree that respondent waived the right to seek reimbursement by having the building repaired in advance. The record reveals that petitioner demanded immediate repair without reservation as to cost or selection of a painting contractor. That respondents elected to first repair the building does not constitute an abandonment of their right to arbitrate under the broad provisions of the lease agreement. Finally, this court may not pass on the merits of the claim respondents seek to arbitrate (CPLR 7501; *Matter of Wilaka Constr. Co. [New York City Housing Auth.]*, 17 NY2d 195, 204). Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.